IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Eloise McCollough, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 6975 |
| ) | |
| Cavalry Portfolio Services, LLC, a ) | |
| Delaware limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Eloise McCollough, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Eloise McCollough ("McCollough"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt owed originally to Bank of America, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Cavalry Portfolio Services, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts throughout the State of Illinois and throughout the Northern District of Illinois. In fact, Cavalry was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. McCollough.

5. Defendant Cavalry, along with its related entities, is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect. Accordingly, Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Cavalry is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

7. Defendant Cavalry is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

8. Ms. McCollough is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Bank of America. At some point in time, Defendant Cavalry bought that debt after it was in default and began trying to collect it from Ms. McCollough. Accordingly, she sought the assistance

of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Cavalry's collection actions.

9. On September 16, 2009, one of Ms. McCollough's attorneys at LASPD wrote to Cavalry, informing Cavalry that Ms. McCullough was represented by counsel, and directing Cavalry to cease contacting her, and to cease all further collection actions because Ms. McCollough was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, during the middle of October, 2009, one of Defendant Cavalry's debt collectors, "Mr. Wesley", called Ms. McCollough directly and left a message demanding that she call him at 1-877-883-6793 regarding payment of the Bank of America debt.

11. Accordingly, on October 26, 2009, Ms. McCollough's LASPD attorney had to send Defendant Cavalry another letter to cease communications or collections. Copies of this letter and fax confirmation are attached as Exhibit D.

12. All of Defendant Cavalry's collection actions as complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

3

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. McCollough's agent, LASPD, told Defendant Cavalry to cease communications and to cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Cavalry violated § 1692c(c) of the FDCPA.

17. Defendant Cavalry's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant Cavalry knew that Ms. McCollough was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. McCollough (Exhibit C). By directly calling

4

Ms. McCollough, despite being advised that she was represented by counsel, Defendant Cavalry violated § 1692c (a)(2) of the FDCPA.

21. Defendant Cavalry's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Eloise McCollough, prays that this Court:

1. Find that Defendant Cavalry's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff McCollough, and against Defendant Cavalry, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Eloise McCollough, demands trial by jury.

Eloise McCollough,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 5, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5